UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS BABILON, as FATHER and Natural Guardian of
G.B., an infant under the age of fourteen (14) years,

                            Plaintiff,

    v.                                                         5:16-cv-0497

ROBERT K. SILVERMAN, M.D., KENROY SCOTT, M.D.,
STEVEN SOLANO, M.D., LILIANE S. EL-KASSIS, M.D.,
a/k/a LILLANE KASSIS, M.D., SARAH ROBINSON, R.N.,
DIANE C. GOODE, R.N.C., DANELLE ATKINS, R.N.,
CHRISTOPHER C. MEDINE, M.D., MARC P. DUHAIME, D.O.,
CASEY RIGGS, R.N. a/k/a CASEY RICHARDSON, R.N.,
JOHN/JANE DOE, #1, JOHN/ JANE DOE #2, JOHN/JANE DOE #3,
MARJORIE L. AUBRY, as Executor of the Estate of
RICHARD H. AUBRY, UNIVERSITY OB/GYN ASSOCIATES, INC.,
CROUSE HOSPITAL, CROUSE HEALTH HOSPITAL, INC.,
CROUSE HEALTH SYSTEM, INC.,

                            Defendants.

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

      Thomas Babilon, father of infant G.B., commenced the instant action on G.B.'s behalf in state court asserting claims of negligence arising out of medical care and treatment provided to G.B. by the named-defendants. *See* dkt. # 2. The matter was removed to this court by the United States, dkt. # 1, and the United States now moves to (1) substitute itself as a defendant for Kenroy Scott, M.D., and (2) dismiss the action

1

against the United States for failing to exhaust administrative remedies. Dkt. # 11. Plaintiff opposes the motion and cross-moves to remand the action to state court. Dkt. # 19.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff alleges medical malpractice in connection with the care and treatment provided during the delivery of the infant, G.B. The movant, Kenroy Scott, M.D., is an employee of Syracuse Community Health Center ("SCHC"), a federally funded community health care center. *See* Gov. Ex A, Hrybinczak Affidavit, dkt. # 27-1, at ¶ 2. On October 1, 2005, the day that G.B. was delivered, Dr. Scott was working at Crouse Hospital as part of his employment with SCHC. *See id.* at ¶¶ 9-10, 12.

On September 22, 2015, an action was filed against Dr. Scott, as well as several non-governmental co-defendants, in Supreme Court, County of Onondaga, State of New York. On April 27, 2016, the United States removed the action to this court pursuant to 42 U.S.C. §§233(a) and (c) and 28 U.S.C. §§ 1441(a) and 2679(d)(2). As a necessary predicate to the removal of this action, and pursuant to 28 U.S.C. § 2679(d)(2), the Office of the United States Attorney for the Northern District of New York certified that at all times alleged in the Plaintiff's Complaint, Kenroy Scott, M.D. was acting within the scope of his employment as a health care provider with the SCHC. Dkt. # 1, ¶¶ 4, 6. The United States also submitted a certification in its Notice of Removal that SCHC was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2005, and that its coverage has continued without interruption since that time. *Id.* ¶ 5. The certification indicates that SCHC and its employees are deemed to be employees of the

United States for purposes of Section 224 of the Public Health Service Act, 42 U.S.C. 233(h). *Id.* ¶ 6.

The government thereafter filed a motion to substitute the United States for Dr. Scott, and to dismiss the action against the United States for failure to exhaust administrative remedies. Plaintiff opposes the motion and cross-moves to remand to state court, challenging whether Dr. Scott was acting within the scope of his employment at SCHC while he was working at Crouse Hospital on September 30, 2005 and October 1, 2005. Plaintiff does not contest that he failed to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), even after being informed by the U.S. Attorney's Office that Dr. Scott was a deemed federal employee and any claims against him would have to be brought against the United States under the FTCA. *See* Gov. Ex. B, Langan Decl., dkt. # 11-4, at ¶ 8.

### III. DISCUSSION

#### A. Substitution of the United States for Kenroy Scott, M.D.

When a federal employee is sued for a wrongful or negligent act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act) empowers the Attorney General, or her delegate, to certify that the employee was acting within the scope of his office or employment at the time of the incident giving rise to a claim. *Tyson v. Willauer*, 2002 WL 31094951, at *1, fn 1 (D. Conn. May 28, 2002)(citing 28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.3). "This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). When such a certification is made, any civil action

3

arising out of that incident is deemed to be an action against the United States, and the case then falls under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. *Tyson v. Willauer*, 2002 WL 31094951, at *1, fn 1.

42 U.S.C. § 233(g) provides a mechanism for certain entities (and their employees) which received federal grants under one of four designated statutory programs to be deemed employees of the Public Health Service for purposes of the exclusive remedy provision of § 233(a). One such category of entities is "community health centers," such as the Syracuse Community Health Center, Inc. *Koehler v. Cortland Memorial Hospital*, 65 F. Supp.2d 103, 106 (N.D.N.Y. 1999). The Government has presented proof that the SCHC and Dr. Scott were deemed eligible for Federal Tort Claims Act coverage effective January 1, 2005, and that coverage has continued without interruption since that time. *See* Gov. Ex. 1 annexed to Gov. Ex. A, dkt. # 11-3. Moreover, the Office of the United States Attorney for the Northern District of New York has certified that at all times alleged in Plaintiff's Complaint, Kenroy Scott, M.D., was acting within the scope of his employment as a health-care provider with the SCHC. Dkt. # 1, ¶¶ 4, 6. Therefore, the Plaintiff's sole remedy with respect to any claims based upon alleged acts or omissions by the SCHC and its covered employees are deemed "tort action[s] brought against the United States." *Koehler*, 65 F.Supp.2d at 106.

Accordingly, the United States is properly substituted as defendant in this action for Kenroy Scott, M.D. , and the exclusive remedy for the allegations in the Complaint against Dr. Scott is a non-jury trial against the United States under the FTCA. *See* 28 U.S.C. § 2402 ("[A]ny action against the United States . . . shall be tried by the court

4

without a jury.").

**B. Motion to Dismiss**

Pursuant to 28 U.S.C. § 2675(a), a plaintiff may not maintain an action against the United States under the FTCA unless the plaintiff first files an administrative claim with the appropriate federal agency. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). It is undisputed that Plaintiff failed to file an administrative claim in this instance. The Supreme Court has unequivocally stated that "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process" on claims under the FTCA. *McNeil*, 508 U.S. at 112. This applies even when a case is removed from state court. *See Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002) (affirming dismissal of case for failure to exhaust administrative remedies under circumstances substantially similar to those presented here). Because Plaintiff failed to file a claim with the appropriate federal agency before commencing the instant litigation, all claims against the United States must be dismissed for lack of subject matter jurisdiction.

**C. Remand**

The Government concedes that "[t]he other defendants, Robert K. Silverman M.D., Steven Solano M.D., Liliane S. El-Kassis M.D. a/k/a Lillane Kassis, M.D., Sarah Robinson R.N., Diane C. Goode R.N.C., Danelle Atkins R.N., Christopher C. Medina M.D., Marc P. Duhaime D.O., Casey Riggs R.N. a/k/a Casey Richardson, R.N., John or Jane Doe #1, John or Jane Doe #2, John or Jane Doe #3, Marjorie L. Aubry as Executor of the Estate of Richard H. Aubry, University OB/GYN Associates, Inc., Crouse Hospital, Crouse Health Hospital, Inc., Crouse Health System, Inc., are not covered by the Federal Tort Claims

Act." Dkt. # 1, ¶ 6. Because the claim against the only federal defendant, Kenroy Scott, M.D., has been dismissed, and because there is an insufficient basis for diversity jurisdiction stated in the Complaint, Plaintiff's cross-motion to remand the action to state court is granted as to the remaining defendants.

## IV. CONCLUSION

For the reasons set forth above, the Government's motion to (1) substitute the United States as a defendant for Kenroy Scott, M.D., and (2) dismiss the action against the United States for failing to exhaust administrative remedies [dkt. # 11] is GRANTED. The United States is substituted as a defendant for Kenroy Scott, M.D., and all claims against the United States are dismissed for failure to exhaust administrative remedies before commencing suit.

Plaintiff's cross-motion to remand the action to state court [dkt. # 19] is GRANTED IN PART and DENIED IN PART. The motion is granted in that all claims against all defendants, **except** as against Defendant Kenroy Scott, M.D., are remanded to the Supreme Court, County of Onondaga, State of New York. The motion is denied as the claims against Defendant Kenroy Scott, M.D.

**IT IS SO ORDERED.**

Dated: November 21, 2016

_____
Thomas J. McAvoy
Senior, U.S. District Judge